IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **JOSEPH THOMAS** | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | Case No._____ |
| | § | |
| **JOSE FRANCISCO CASTILLO and** | § | |
| **BRINK TRUCK LINES, INC.** | § | |
| **Defendants.** | § | **Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff **JOSEPH THOMAS** and files this ORIGINAL COMLAINT against Defendants, JOSE FRANCISCO CASTILLO and BRINK TURCK LINES, INC. For cause of action, Plaintiff asserts the following:

### A. PARTIES

1. Plaintiff Joseph Thomas is an injured person domiciled in Smith County, Texas.

2. Defendant Jose Francisco Castillo is an individual domiciled and residing in Holland, Michigan. He can be served with process at his last known address, 5885 Washington Rd Holland, Michigan, or wherever he may be found.

3. Defendant Brink Truck Lines, Inc is a for-profit corporation with its primary place of business and headquarters in Michigan. Defendant Brink Truck Lines, Inc., engages in business in Texas, but it has failed to designate an agent for service of citation and it has no regular place of business in Texas.

4. As set forth more fully in this complaint, Brink Truck Lines, Inc., transports goods across interstate lines in Interstate Commerce. Because this lawsuit arises out of Brink Truck Lines, Inc's purposeful acts in Texas, the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice. Pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(a)(b), service of citation for Brink Truck Lines, Inc, may be accomplished

by serving the Secretary of State of Texas who will forward such citation by certified mail, return receipt requested to Brink Truck Lines, Inc., 3899 58th Street, Holland, MI 49423.

## B. JURISDICTION AND VENUE

5.  This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of different States. All of the corporate and limited liability defendants have engaged in intentional and systematic contacts with the State of Texas and the instant lawsuit directly arises from Defendant's specific contacts with Texas.

6.  This Court enjoys specific jurisdiction over Defendants with respect to the case at bar because it arises out of Defendant's actions in Morris County, Texas. Defendants were operating a commercial vehicle and caused the wreck within that County, and that wreck forms the basis of this lawsuit

7.  Venue is proper is this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claim occurred in Morris County, Texas, which is part of the Eastern District, Marshall Division.

## C. FACTS

8.  This case arises out of an automobile wreck in Morris County, Texas. On or about the morning of July 12, 2016, Defendant Castillo was driving a truck owned and operated by Defendant Brink Truck Lines. Defendant Castillo was in the course and scope of his duties with Defendant Brink Truck Lines. Defendant Castillo was traveling highway speeds eastbound on I-30 in Morris County, Texas. About a third of a mile east of mile marker 176, Mr. Castillo came upon a thick, opaque cloud of smoke from a nearby grass fire that was impairing his visibility. Despite the lack of visibility, Mr. Castillo plowed on at his highway speeds. He ran directly into the back of the vehicle driven by Plaintiff Joseph Thomas, crushing the vehicle and causing severe injury.

9.  Mr. Thomas had entered the same cloud of smoke, but he followed the course of the ordinary and prudent driver by adjusting his speed to account for the lack of visibility around him. The Defendant driver crashed into the back of Mr. Thomas's vehicle so hard that it sent the vehicle careening out of control. Moreover, the impact broke the seatback of Mr. Thomas's driver side seat. Mr. Thomas, now laid flat and unable to see, did his best to control

his out of control vehicle, but ended up in the median beside the road. He was transported to Titus Regional Medical in Mount Pleasant, Texas.

### D. RESPONDEAT SUPERIOR

10. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that the Defendant Brink Truck Line's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done, it was done with the authorization of Defendant Brink Truck Lines or was done in the normal routine course of the agency or employment of the Defendant Brink Truck Lines.

11. In addition to the other Counts herein, the incident made the basis of Plaintiff's lawsuit was proximately caused by the negligence of Defendant Brink Truck Lines through its employee and authorized agent, Defendant Castillo.

### E. NEGLIGENCE AND NEGLIGENCE PER SE OF CASTILLO

12. Defendant Castillo had a duty to exercise ordinary care and operate the commercial vehicle he was driving reasonably and prudently.

13. The wreck made basis of this suit was proximately and directly caused by the negligence of Defendant Brink Truck Lines through the actions of its employee and agent, Defendant Castillo, who was operating the truck in the furtherance of Brink Truck Lines' business and within the course and scope of his duties there. Defendants owed a duty of reasonable care and safety to Plaintiff, which they breached through acts and omissions that include but are not limited to the following:

    a. Failing to keep a proper lookout;
    b. Driver inattention;
    c. Reckless driving;
    d. Failing to account for visibility conditions;
    e. Failing to slow down when visibility was reduced;
    f. Failing to control speed;
    g. Negligent operation of a motor vehicle;
    h. Reckless operation of a motor vehicle.

14. Each and every of the above acts and omissions, singularly and in combination with others, constitutes negligence and/or negligence per se, which proximately caused the

occurrence in question and Plaintiff's injuries an damages arising therefrom. Castillo committed violations of statutory law, which include but are not limited to the following:

    a. Tex. Transp. Code § 545.401; reckless driving;

    b. Tex. Transp. Code § 545.351; reasonable and prudent speed;

15.     By not slowing to a reasonable speed given the hazard of the smoke from the grass fire, Castillo chose to disregard the reasonable traffic rules that govern Texas highways. As a professional driver, Castillo had actual awareness of these rules and a duty to follow them.

### F. NEGLIGENT ENTRUSTMENT, HIRING, TRAINING, AND SUPERVISION

16.     Defendant Brink Truck Lines entrusted its vehicle to an employee, Castillo. The employee's job was to drive the truck for transportation of goods, which is the business of the employer.

17.     Castillo was a reckless driver based on inexperience and/or actions evidencing recklessness that he engaged in prior to the wreck in question. Actions of the same kind and character, or – in the alternative – actions borne of inexperience, were the actions that resulted in the wreck and the injuries to Plaintiff.

18.     Defendant Brink Truck Lines actually knew or should have known that Defendant Castillo was a reckless driver based on Castillo's inexperience and prior actions.

19.     As put forth more fully above and incorporated herein, Defendant Castillo was negligent during the incident in question, and such negligence led proximately and directly to the injuries for which Plaintiff is suing. Castillo failed to adjust his speed to account for the decreased visibility resulting from the thick smoke coming off a nearby grass fire.

20.     Defendant Brink Truck Lines could have reasonably anticipated that entrusting such a large and heavy commercial vehicle to a reckless and/or inexperienced driver would result in injury.

21.     In addition, Defendant Brink Truck Lines had a duty to use reasonable care to select an employee who was competent, fit, and responsible enough to operate large vehicles with reasonable care in respect for other drivers. This duty was breached, as displayed when Castillo recklessly failed to control his speed despite a lack of visibility.

22.     Brink Truck Lines also had a duty to train, supervise, and – if necessary – release any reckless, incompetent, negligent, or inexperienced drivers in its employ, which it failed to

do as evidenced by the wreck in question, where Castillo so clearly breached his duties by failing to control his speed in the heavily reduced visibility of the smoke.

23. Defendant Brink Truck Lines knew or should have known that Castillo would operate the large truck in a reckless manner with disregard to other drivers. The size of the truck, as well as the skill that it takes to operate such a vehicle, should have but Brink Truck Lines on notice that any reckless operation of such a vehicle could result in serious injury or even death.

24. Defendant Brink Truck Lines could reasonably have anticipated that Castillo operating the truck would have resulted in the serious injury of other motorists.

25. Further, Defendant Brink Truck Lines had a duty to create and enforce safety policies established as industry standards for ensuring the safe transportation of commercial goods on U.S. Highways.

## G. GROSS NEGLIGENCE

26. In addition to the other Counts herein, Defendant Brinks Truck Lines is liable for its employee's grossly negligent conduct. In support thereof, Plaintiff asserts the following:

27. Defendant Brinks Truck Lines knew that smoke presented a hazard that lessened visibility on the road. It had subjective awareness that – were a commercial driver to drive through a smoke screen without slowing down – it would create a substantial likelihood of severe injury or even death for other drivers that were respecting the lack of visibility. Nonetheless, Brink Truck Lines subjectively disregarded this risk and made a conscious decision not to create safety polices regarding the hazards of low visibility due to smoke or other visual obstructions. In the alternative, Brinks Truck Lines failed to enforce and/or communicate those policies efficiently and appropriately such that their drivers were aware of the policies or the dangers they were trying to prevent.

## H. DAMAGES

28. As a direct and proximate result of the negligence, negligence per se, and gross negligence of the Defendants, Plaintiff has suffered personal injuries for which he seeks redress.

29. The specific categories of damages sought include but are not limited to:
   a. Physical pain in the past and future;
   b. Mental anguish in the past and future;

      c. Physical impairment in the past and future;

      d. Medical costs in the past and future;

      e. Future disfigurement due to surgery;

      f. Loss of earning capacity;

      g. Exemplary damages.

30. By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the court.

## I. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recovers as follows:

1. Actual and punitive damages;
2. Pre-judgment and post-judgment interest as provided by law;
3. Costs of Court;
4. Attorney's fees; and
5. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

*/s/ Benton G. Ross*
BENTON G. ROSS
State Bar No. 24068124
benton@monsourlawfirm.com
DOUGLAS C. MONSOUR
State Bar No. 00791289
doug@monsourlawfirm.com
404 North Green Street
Post Office Box 4209
Longview, Texas 75606
(903) 758-5757
(903) 230-5010 (fax)
**ATTORNEYS FOR PLAINTIFF**